DECISION AND JUDGMENT ENTRY
This is an appeal from a March 9, 1999 judgment entry of the Ottawa County Municipal Court in which the court ruled that appellant, Richard A. Seckler, is guilty of violating requirements found in R.C. 519.23 and R.C. 3791.04 (B) to obtain a building permit and approval of building plans before building a structure on property. Appellant has presented two assignments of error that are:
"Assignment of Error No. 1:
 THE FINDING BY THE TRIAL COURT THAT THE STATE PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT VIOLATED OHIO REVISED CODE 519.23 AND DID CONSTRUCT A BUILDING WITHOUT A ZONING PERMIT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND/OR WITHOUT SUFFICIENT EVIDENCE.
"Assignment of Error No. 2:
 THE FINDING BY THE TRIAL COURT THAT THE STATE PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT VIOLATED OHIO REVISED CODE 3791.04 (B) BY PROCEEDING WITH THE CONSTRUCTION OF A BUILDING WITHOUT THE APPROVAL OF PLANS OR DRAWINGS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND/OR WITHOUT SUFFICIENT EVIDENCE."
The record shows that on December 1, 1997, two complaints were filed in the Ottawa County Municipal Court alleging that appellant violated two different statutory provisions, R.C. 519.23 and R.C.3719.04 (B). The complaint filed by the zoning inspector for Danbury Township, contained the allegation that appellant violated R.C. 519.23 when he:
 "did locate, erect, construct, enlarge, change, maintain or use a building or use land in Danbury Township in violation of the Danbury Township Resolution or amendment or supplement to such resolution, adopted by the Board of Danbury Township Trustees under Sections 519.02 to 519.25, inclusive, of the Revised Code."
The complaint filed by the Ottawa County Building Inspector contained the allegation that appellant violated R.C. 3719.04 (B) when he:
 "did proceed with the construction, erection, alteration, or equipment of a building without approval of plans or drawings, specifications, and data, an unclassified misdemeanor punishable by a fine of up to $500.00."
The cases proceeded to trial to the court, and testimony relating to both charges was heard at the same hearing. Both the zoning inspector for Danbury Township and the Ottawa County Building Inspector testified.
The zoning inspector for Danbury Township testified that appellant admitted to her in conversations that he owns the property located at 7070 East Harbor Road in Danbury Township. She said that there is a building on that property that she considers to be in violation of township zoning resolutions. She testified that appellant has also admitted to her in conversation that he is the owner of that building.
She said the building is "a single story building, yellow siding, windows, a sign on the front that says sales office." When asked if there were signs the property was used for commercial purposes, she replied:
 "Oh, yes. There's a sign at the road that says North Shore Sales, and there have been manufactured homes that are parked there temporarily that are for sale."
She said appellant violated local zoning resolutions when he put the sales office on his property without getting a building permit because his sales office is a permanent building. When asked to explain why she considered the building permanent, she said:
 "When I first noticed that it was under construction, I could see the trusses. There was a foundation placed, and the building was put there. I do not know that the bottom was stick built, but I can't imagine that it was not stick built when there were trusses being placed for the roof."
She said township zoning resolutions have provisions that require anyone constructing a building to "get a permit before the building is constructed."
She testified that the township zoning resolutions were in effect when appellant built his sales office. She also said that appellant never got a building permit for the building.
On cross-examination, the following exchange took place:
 "Q. Now if I build a shed for my neighbor, and I build it on my property, and as soon as I was finished with it, I was going to transfer it to my neighbor's property, would I be required to have a zoning permit for that?
 "A. The neighbor would be required to have a zoning permit.
 "Q. But I, as the manufacturer of that, would not, would I? And that is because it is not a permanent structure on my piece of property, is it?
"A. That is correct."
The zoning inspector said she did not know what kind of frame the structure was on, and did not know if the building could be moved as one piece from appellant's property. She also said she did not have any evidence to show that the building is immovable from the property.
The only other witness to testify was "the chief building official for Ottawa County." He testified that he runs the office of building permits. He said that based upon the testimony he heard in court from the zoning inspector, appellant was required to get a building permit for his sales office because it is a permanent building with a permanent foundation. He said appellant never submitted plans, specifications or drawings to his office to get a building permit.
The trial court made the factual findings that appellant is the owner of the property and the building in question. The trial court also found that appellant violated R.C. 519.23 because he "did construct a building without a zoning permit." The court said the state proved beyond a reasonable doubt that appellant did not qualify for any exceptions that permit a person to construct a building without a permit.
The trial court also ruled that appellant violated R.C.3791.04 (B). The trial court ruled that the testimony of the Ottawa County Building Inspector that appellant never sought a building permit was credible.
As to appellant's contention at trial that the state failed to show the building in dispute was permanent, the trial court ruled:
 "The Zoning Inspector has testified on direct examination that the sales office, unlike the other manufactured homes on the lot, is permanent because when it was under construction, she saw trusses and a foundation that was characterized as block and concrete in the ground. Moreover, the Zoning Inspector not only testified on cross examination but also on redirect examination that, unlike the sales office, the other structures came onto the lot on wheels and were removed on wheels. Thus, unlike the other manufactured homes on the lot, the sales office had no wheels and was never mobile. Under these circumstances, unlike the other manufactured homes on the lot or unlike a temporary shed, it is clear the sales office is a permanent, stationary structure that would remain for an indefinite period."
In support of his first assignment of error, appellant argues that the trial court's ruling that he violated R.C. 519.23
by constructing a building without a zoning permit is against the manifest weight of the evidence. Appellant says that the state failed to show that he owned the property or the building in question. He also says the state failed to show that the building is permanent, because there was no evidence to show the length of time the building has been on the property, or that the building is still on the property. Finally, he argues that if the building really were permanent, the state should have introduced testimony from the state auditor showing the "structure in question was permanently affixed to the premises and subject to real estate tax." Appellant argues that the lack of convincing evidence renders the trial court's ruling that he violated R.C. 519.23
against the manifest weight of the evidence.
Appellee responds that appellant's admission to the zoning inspector that he owns the property and building in question is evidence that proves ownership beyond a reasonable doubt. Appellee says the trial court clearly explained it found the testimony of the state's witnesses credible, and that the testimony showed that appellant failed to comply with zoning regulations when he constructed a permanent building on his property.
The Supreme Court of Ohio has stated:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * *
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the fact-finder's resolution of the conflicting testimony. * * * (`The court, reviewing the entire record, weights the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that he conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.')" State v. Thompkins (1997), 78 Ohio St.3d 380, 387-388. (Citations omitted).
Keeping this standard of review in mind, we now consider the zoning laws appellant was charged with violating in the complaint filed by the zoning inspector.
R.C. 519.23 provides:
 "No building shall be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used, and no land shall be used in violation of any resolution, or amendment or supplement to such resolution, adopted by any board of township trustees under sections 519.02 to 519.25, inclusive, of the Revised Code. Each day's continuation of a violation of this section may be deemed a separate offense."
The Danbury township resolutions applicable to the first assignment of error read:
"1202 CONDITIONS UNDER WHICH CERTIFICATES/PERMITS ARE REQUIRED"
 "A zoning certificate/permit shall be required for any of the following, except as herein provided:"
 "a. Construction or enlargement of a building, including accessory buildings."
 "b. Change in use of an existing building or accessory building to a use of a different classification."
"c. Occupancy and/or use of land."
 "d. Change in the use of land to a use of a different classification."
 "e. Any change from one (1) non-conforming use to another."
 "f. A zoning certificate may be issued upon request for any lawful non-conforming uses of land or buildings created by adoption of this Resolution or any amendments thereto."
 "g. Marinas and/or marina expansions as defined in Article 3 of this Resolution or any amendments thereto."
 "h. Permanent, portable and identification signs as defined in Article 802."
"1203 APPLICATION AND ISSUANCE OF ZONING CERTIFICATE/PERMIT"
 "1203.1 Written application shall be made for a zoning certificate/permit for the construction of a new building or the enlargement of an existing building. Said certificate/permit shall be issued within ten (10) days after a written request for the same has been made to the Zoning Inspector or his agent, provided such construction or alteration is in conformity with the provisions of this Resolution."
 "1203.2 Written application for a zoning certificate/permit for the use of vacant land, or for a change in the use of land or of a building, or for a change in a non-conforming use, as herein provided, shall be made to the Zoning Inspector. If the proposed use is in conformity with the provisions of this Resolution, the certificate/permit therefore shall be issued within sixteen (16) days after the application for same has been made."
 "1203.3 Every application for a zoning certificate/permit shall be accompanied by a plot plan and such other plans as may be necessary to show the location and type of buildings to be erected or to be made."
"a. Each plan shall show:"
 "1. The street providing access to the lot and the exact location of the lot in relation to the nearest cross street."
 "2. The name of the concerned lot plan, if any, and the lot numbers of the concerned and abutting properties."
 "3. The actual dimensions of the lot, the yard and other open space dimensions thereof, and the location and size of any existing structure thereon."
 "4. The location and size of the proposed structure and/or the proposed enlargement of the existing structure."
 "5. Any other information which in the judgment of the Zoning Inspector may be necessary to provide for the enforcement of this Resolution."
"b. Each plan shall bear statements declaring:"
 "1. That no part of the land involved in the application has been previously used to provide required yard space or lot area for another structure or septic system."
 "2. Which abutting land was formerly that of the owner of the land involved in the application, and, if any, the approximate date of title transfer."
 "c. Where complete and accurate information is not readily available from existing records, the Zoning Inspector may require the applicant to furnish a survey of the lot by a registered engineer or surveyor."
 "d. Each property owner or authorized agent may be required to attest to the correctness of the statements and data furnished with the application. The certificate/permit will be issued based on the attestment if all other requirements of the Resolution are met."
 "e. A file of such applications and plans shall be kept in the office of the Zoning Inspector."
We have carefully reviewed the record and conclude that the trial court did not clearly lose its way when it decided: 1) that appellant owned the land and building in question; and 2) that the building was constructed without a zoning certificate or permit. Appellant's admissions to the zoning inspector were sufficient to establish ownership of the property and the building. Furthermore, the zoning inspector's observation of the building trusses being erected and the placement of the building on a permanent block foundation was sufficient to show that the building was "constructed" as envisioned by R.C. 519.23 and by Danbury Township Resolution 1202. Finally, the zoning inspector's testimony showed that appellant never applied for or received a zoning certificate or permit before he constructed the building on his property, as required by Danbury Township Resolution 1203. All the required elements of the offense were proved in this case. Appellant's first assignment of error is not well-taken.
In support of his second assignment of error, appellant argues that the trial court's ruling that he violated R.C.3791.04 (B) by constructing a building without a building permit was against the manifest weight of the evidence. Appellant again argues there was no proof he is the owner of the property or the building in question, other than the testimony of the zoning inspector regarding admissions appellant made to her. Appellant says the building inspector gave no testimony to prove appellant owned the property or the building in question. Appellant also says the building inspector "had never seen the building nor been on site to determine the type of building. [The building inspector] further did not have any direct testimony as to the type of foundation on which the building was placed and, in fact, had never been asked nor did he ever inspect the building in question."
Appellee responds that the testimony of the zoning inspector established ownership of the property and the building, as well as the characteristics of the building and the foundation on which the building sits. The building inspector heard the testimony of the zoning inspector, and could base his opinion that appellant needed a building permit on that testimony.
R.C. 3791.04 (B) provides:
 "No owner shall proceed with the construction, erection, alteration, or equipment of any such building until such plans or drawings, specifications, and data have been so approved, or the industrialized unit inspected at the point of origin. No plans or specifications shall be approved or inspection approval given unless the building represented thereby would, if constructed, repaired, erected, or equipped according to the same, comply with Chapters 3781. and 3791. of the Revised Code and any rule made under such chapters."
As an expert witness, the building inspector could base his opinion that appellant needed a building permit upon testimony that was presented at trial by the zoning inspector. See Evid.R. 703. The zoning inspector's testimony did establish that appellant owned the land and the building, and showed that the building was affixed to a concrete foundation and was erected on the property. The building inspector's testimony showed that appellant never sought a building permit from the building inspector's office. Therefore, the ruling of the trial court that appellant violated R.C. 3791.04 (B) was not against the manifest weight of the evidence. Appellant's second assignment of error is not well-taken.
JUDGMENT AFFIRMED.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ James R. Sherck, J.
CONCUR.